UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, <br> United States Department of Labor, <br> <br> Plaintiff, <br> <br> v. <br> <br> PORTLAND, MAINE AREA LOCAL NO. 458, <br> AMERICAN POSTAL WORKERS UNION, <br> <br> Defendant. | Case No. _____ |

COMPLAINT

Plaintiff, Thomas E. Perez, Secretary of Labor, alleges as follows:

NATURE OF THE ACTION

1. This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-483, (the "Act"), as applied to the Portland, Maine Area Local No. 458 of the American Postal Workers Union (Defendant) by the Postal Reorganization Act at 39 U.S.C. § 1209(b), for a judgment declaring that the March 13, 2014 election conducted by Defendant for the officer positions of General President and General Vice President is void and directing Defendant to conduct a new election for these offices under plaintiff's supervision, and for other appropriate relief.

JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3. Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff, Thomas E. Perez, is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5. Defendant is, and at all times relevant to this action has been, an unincorporated association residing within the County of Cumberland, Maine, within the jurisdiction of this district.

## FACTUAL ALLEGATIONS

6. Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j) and 401(b) of the Act (29 U.S.C. §§ 402(i), 402(j) and 481(b)).

7. Defendant, purporting to act pursuant to its Constitution conducted an election of officers on March 13, 2014, and this election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-484).

8. By letter dated February 26, 2014, to Defendant's Election Committee, the complainant, John Riley, a member in good standing of Defendant protested the March 13, 2014 election.

9. By letter dated March 12, 2014, to Riley, Defendant's Election Committee denied the protest.

10. Riley appealed Defendant's Election Committee March 12, 2014 decision with the National Election Appeals Committee by letter dated March 17, 2014.

11. Having invoked the remedies available under its Constitution for three calendar months without receiving a final decision after invocation, Riley filed a timely complaint with

the Secretary of Labor on June 12, 2014, within the one calendar month required under section 402(a)(2) of the Act, 29 U.S.C. § 482(a)(2).

12. Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), the Plaintiff investigated the complaint and, as a result of the facts shown by his investigation, found probable cause to believe that: (1) a violation of Title IV of the Act (29 U.S.C. §§ 481-484) had occurred in the conduct of the Defendant's March 13, 2014 election; and (2) that such violation had not been remedied at the time of the institution of this action.

## CAUSE OF ACTION

13. Defendant violated section 401(g) of the Act, 29 U.S.C. § 481(g), during the conduct of the aforesaid election, when the incumbent General President used a union list of members' personal and work email addresses, a union resource, to transmit a campaign message promoting his candidacy and the candidacy of the incumbent General Vice President.

14. The violation of section 401(g) of the Act (29 U.S.C. § 481(g)) may have affected the outcome of the Defendant's election for the offices of General President and General Vice President.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a) declaring the Defendant's election for the offices of General President and General Vice President to be void;

(b) directing the Defendant to conduct a new election for the offices of General President and General Vice President under the supervision of the Plaintiff;

(c) for the costs of this action; and

(d)  for such other relief as may be appropriate.

          Respectfully submitted,

          STUART F. DELERY
          Assistant Attorney General

          THOMAS E. DELAHANTY II
          United States Attorney

          By: /s/ Evan J. Roth, AUSA
             U.S. Attorney's Office
             100 Middle Street
             East Tower, Sixth Floor
             Portland, Maine  04101
             (207) 780-3257
             Evan.Roth@usdoj.gov

OF COUNSEL:

M. PATRICIA SMITH
Solicitor of Labor

CHRISTOPHER B. WILKINSON
Associate Solicitor

SHARON E. HANLEY
Counsel for Labor-Management Programs

WILLIE B. WHITE
Senior Attorney

U.S. Department of Labor