IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, )<br>United States Department of Labor, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>PORTLAND, MAINE AREA LOCAL NO. 458, )<br>AMERICAN POSTAL WORKERS UNION, )<br> )<br>Defendant. ) | Civil Action No. 2:14-cv-00320-JDL |

**STIPULATION OF SETTLEMENT AND DISMISSAL OF PLAINTIFF'S CLAIMS
PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)(ii)**

The Plaintiff, Thomas E. Perez, Secretary of Labor ("Secretary"), and the Defendant, Portland, Maine Area Local No. 458, American Postal Workers Union ("Local 458" or "Defendant"), by and through their undersigned counsel, hereby stipulate and agree to the settlement and dismissal of the instant action as follows and respectfully request that the court so order the same:

1. By his Complaint filed against Defendant in this Court on August 11, 2014, the Secretary brought this action pursuant to Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (as amended), 29 U.S.C. § 401, *et seq*. (hereinafter referred to as the Act), for the purpose of voiding Defendant's March 13, 2014, election of union officers for General President and General Vice President, and requesting a new election for these offices under the supervision of the Secretary.

2. The Department of Labor alleged that: (i) Defendant violated section 401(g) of the Act, 29 U.S.C. 481(g), during the conduct of the aforesaid election when the winning

incumbent General President used a union list of members' personal and work email addresses, a union resource, to transmit to members a campaign message promoting his candidacy and the candidacy of the winning incumbent General Vice President; and (ii) opposing candidates did not make similar use of this union list.

3. The Defendant denies each of the above allegations, and incorporated a number of affirmative defenses into its Answer to the Complaint, including, inter alia, a lack of standing by individuals to contest the election process and result.

4. The Parties, having chosen to resolve in full by way of settlement the allegations comprising this action, hereby stipulate and agree through their undersigned counsel that the Defendant shall conduct a new election and, as necessary, new nominations limited to the prior nominees, for the offices of General President and General Vice President no later than four months from the date this stipulation of settlement and dismissal is so-ordered by the Court. The new election shall be conducted by the Defendant under the supervision of the Secretary.

5. The Parties further stipulate and agree that the supervised election shall be conducted in accordance with Title IV of the Act, 29 U.S.C. §§ 481-484, and, insofar as lawful and practicable, in accordance with the American Postal Workers Union Constitution and the Portland, Maine Area Local No. 458 Bylaws.

6. The Parties further stipulate and agree that all decisions as to the interpretation or application of Title IV of the Act and the American Postal Workers Union Constitution and the Portland, Maine Area Local No. 458 Bylaws relating to the supervised election are to be determined by the Secretary, and that his decisions shall be final and binding on the Parties.

7. The Parties agree and request that this Court maintain jurisdiction over the action after completion of the supervised election and throughout the certification process as follows:

(i) the Secretary shall certify to the Court the names of the persons so elected, and that such election was conducted in accordance with Title IV of the Act, and insofar as lawful and practicable, in accordance with the provisions of the Defendant's Constitution and Bylaws; and (ii) upon its receipt of such certification by the Secretary that such persons have been elected to serve as the duly elected officers of Local 458, the Court shall dismiss the action.

8. The Parties further stipulate and agree that those elected to office in the supervised election shall be installed as soon as practicable after the Secretary certifies to the Court the names of these elected persons, and such persons shall serve the remainder of their term in office, not to exceed the term set for such offices, as specified in the Defendant's Constitution and Bylaws.

9. Each Party further stipulates and agrees to bear its own costs, fees, and other expenses incurred in connection with any stage of this proceeding. This stipulation of settlement and dismissal is neither an admission of wrongdoing by Defendant or any management of Defendant nor a concession by the Secretary that the Complaint is not well-founded.

10. The Parties further request that this Court retain jurisdiction over this action to enforce the terms of this stipulation of settlement and dismissal for the sole purpose of resolving any disputes between the parties with respect to the enforcement of any provision herein.

11. The Secretary shall not take any position on an action brought against any individual for acts that occurred prior to the execution of this Agreement and that form the basis of the Complaint.

[Signatures next page]

Dated: April 16, 2015

                    THOMAS E. DELAHANTY
                    United States Attorney

By: /s/ *Andrew K. Lizotte*
Andrew K. Lizotte, AUSA
United States Attorney's Office
100 Middle Street, 6th Fl., E. Tower
Portland, ME 04101
(207) 771-3246
Andrew.Lizotte@usdoj.gov
Counsel for Plaintiff

Dated: April 16, 2015

By: */s/ James McCormack*
James McCormack, Esq.
Gregg R. Frame, Esq.
Taylor McCormack & Frame LLC
30 Milk Street, Fifth Floor
Portland, ME 04101
gframe@tmfattorneys.com
(207) 828-2005
Counsel for Defendant

M. PATRICIA SMITH
Solicitor of Labor

CHRISTOPHER B. WILKINSON
Associate Solicitor

SHARON E. HANLEY
Counsel for Labor-Management Programs

WILLIE B. WHITE
Senior Attorney

*U.S. Department of Labor of Counsel*

**ORDER**

IT IS HEREBY ORDERED that, upon completion of the terms of the Parties' agreement as detailed by the instant stipulation of settlement and dismissal and certification by the Secretary, this matter be dismissed.

IT IS FURTHER ORDERED that the Court shall retain jurisdiction over this action to enforce the terms of this stipulation of settlement and dismissal for the sole purpose of resolving any disputes between the parties with respect to the enforcement of any provision therein.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:

_____
JON D. LEVY
UNITED STATES DISTRICT JUDGE